**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT SCOTT SMITH WASHINGTON, JR., <br><br> Plaintiff, <br><br> v. <br><br> SOUTH WOODS STATE PRISON, et al., <br><br> Defendants. | Civil Action No. 23-23179 (KMW) (MJS) <br><br> **OPINION** |

**WILLIAMS, District Judge:**

This matter comes before the Court on the Court's review of Plaintiff's application to proceed *in forma pauperis* (ECF No. 1-1) and *sua sponte* screening of *pro se* Plaintiff's civil rights complaint. (ECF No. 1.) As Plaintiff has shown that he is entitled to proceed *in forma pauperis* in this matter his application will be granted. This Court is therefore required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim that is frivolous, malicious, or fails to state a basis for relief. For the reasons set forth below, this Court will dismiss Plaintiff's complaint without prejudice.

**I.      BACKGROUND**

Plaintiff is a state prisoner confined at South Woods State Prison. (ECF No. 1 at 1-2.) It appears that Plaintiff is employed in the kitchen for his unit in the prison. (*Id.* at 5.) Because of this employment, beginning in March of 2023 and continuing into September 2023, Plaintiff was subjected to an unspecified number of strip searches pursuant to some manner of temporary policy. (*Id.*) It is not clear how often this occurred, how many total times it occurred, or what the explicit

reason for the policy was. (*Id.*) Plaintiff asserts, however, that he was forced to undergo a strip search, while being recorded by a stationary camera, in view of other prisoners and officers of both genders. (*Id.*) Plaintiff names only two Defendants as to his claims – the prison itself, and the New Jersey Department of Corrections. (*Id.* at 2.) He seeks to raise claims pursuant to 42 U.S.C. § 1983 for violations of his Eighth Amendment rights. (*Id.* at 2-5.) Although Plaintiff's prison does have a prison grievance procedure, Plaintiff explicitly states that he did not submit any form of grievance regarding the strip searches as he believes such a claim is not covered for unspecified reasons. (*Id.* at 6-7.) Plaintiff's only stated reason for not exhausting was because he was only aware of the cameras because of a tip off from a staff member he did not wish to expose. (*Id.* at 8.)

## II.     LEGAL STANDARD

This Court is required to screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) because Plaintiff will be granted *in forma pauperis* status in this matter. Pursuant to this statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's

2

"obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* "Determining whether the allegations in a complaint are plausible is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

### III.  DISCUSSION

In his complaint, Plaintiff seeks to raise claims pursuant to 42 U.S.C. § 1983 asserting that frequent strip searches earlier this year violated his Eighth Amendment rights. Plaintiff, however, names as Defendants only South Woods State Prison itself and the New Jersey Department of Corrections. However, state corrections departments and the prisons they operate, are arms of the state and are thus both entitled to Eleventh Amendment immunity and not persons subject to suit

3

in a federal civil rights complaint. *See Christ the King Manor, Inc. v. Sec'y U.S. Dep't of Health and Human Servs.*, 730 F.3d 291, (3d Cir. 2013); *Lenhart v. Pennsylvania*, 528 F. App'x 111, 114 (3d Cir. 2013); *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 280 (D.N.J. 2013). Therefore, both of the named Defendants must be dismissed from this matter with prejudice, and Plaintiff's complaint must be dismissed without prejudice for failure to name a Defendant who can be held liable under § 1983.

Putting aside the lack of a named Defendant, the Court notes that Plaintiff has also explicitly pled that he did not exhaust his claims through the prison's grievance system. Pursuant to 42 U.S.C. § 1997e(a), however, "[n]o action shall be brought with respect to [confinement] conditions under section 1983[,] or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The statute requires prisoners to "exhaust administrative remedies even where the relief sought – [such as] monetary damages – cannot be granted by the administrative process." *Woodford v. Ngo*, 548 U.S. 81, 84-85 (2006); *see also Booth v. Churner*, 532 U.S. 731, 734 (2001). Where administrative remedies are available, a plaintiff seeking to raise civil rights claims related to his conditions of confinement must therefore fully and properly exhaust his administrative remedies prior to filing suit, and even exceptional circumstances will not excuse a plaintiff's failure to exhaust his claims prior to filing his complaint. *Ross v. Blake*, --- U.S. ---, ---, 136 S. Ct. 1850, 1856-57 (2016). This "exhaustion requirement applies to all inmate suits about [detained] life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *see also Booth v. Churner*, 206 F.3d 289, 298 (3d Cir. 2000), *aff'd*, 532 U.S. 731 (2001). As Plaintiff's strip search claims concern an aspect of his prison conditions, they are subject to the exhaustion

requirement, and this Court would be required to dismiss Plaintiff's complaint without prejudice for lack of exhaustion in any event even had he named an appropriate defendant.[1]

Finally, the Court turns to Plaintiff's actual strip search claims. A convicted prisoner may raise either an Eighth or Fourteenth Amendment claim challenging prison strip searches. Under the Eighth Amendment, a prison strip search policy will usually violate a prisoner's rights only where the search itself was either physically or sexually abusive. *See, e.g., Farmer v. Plumeri*, No. 22-957, 2023 WL 35869, at *2-3 (D.N.J. Jan. 4, 2023). Plaintiff does not actually allege that the searches in question were physically or sexually abusive, only that he was forced to undergo them in an area with a permanent camera and where he could have been seen by others including female prison staff. In the absence of further allegations of abusive behavior from staff, Plaintiff's complaint fails to state an Eighth Amendment claim.

Under the Fourth Amendment, a prison policy requiring routine strip searches, even in the absence of a reasonable suspicion of wrongdoing, will pass muster so long as it is reasonably related to the prison's interest in maintaining prison safety and security, including by preventing potential contraband or weapons from being transported through the prison. *Id.* at *3. Indeed, "routine, suspicionless inmate search policies may sweep quite broadly and still be reasonable" enough to pass muster under the Fourth Amendment in light of the reduced privacy interests of convicted prisoners. *Id.* (quoting *Parkell v. Danberg*, 833 F.3d 313, 329 (3d Cir. 2016)). Given the prison's clear interest in maintaining institutional security, the apparent limitation of the policy

---

[1] Although Plaintiff states that his claims are not covered by the prison's grievance system, he provides no allegations to indicate why he believes his claim is not covered. Likewise, although Plaintiff expresses that he did not exhaust because he did not want to expose a staff member who told him cameras recorded the searches, Plaintiff has provided no reason he could not have exhausted his claims without identifying this staff whistleblower. Plaintiff has thus not pled facts indicating the grievance system was for some reason not available. Should Plaintiff choose to file an amended complaint in this matter naming appropriate Defendants without first exhausting his claims, Plaintiff should explain why he believes his claims could not be exhausted prior to filing.

in question to kitchen workers who have potential access to items which could be used as weapons, and the lack of any allegations in the complaint showing that the searches here were excessive in relation to those interests, this Court cannot find that Plaintiff has pled sufficient facts to show that the searches conducted at the prison were so unreasonable as to state a claim under the Fourth Amendment. Thus, Plaintiff's claims must be dismissed without prejudice for failure to state a plausible claim for relief as well.

### IV.  CONCLUSION

For the reasons expressed above, Plaintiff's application to proceed *in forma pauperis* (ECF No. 1-1) is **GRANTED**, and his complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** in its entirety for failure to state a claim for which relief may be granted. An order consistent with this Opinion will be entered.

                                                   Hon. Karen M. Williams,
                                                   United States District Judge