**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT SCOTT SMITH WASHINGTON, JR., <br><br> Plaintiff, <br><br> v. <br><br> SOUTH WOODS STATE PRISON, et al., <br><br> Defendants. | Civil Action No. 23-23179 (KMW) (MJS) <br><br> **OPINION** |

**WILLIAMS, District Judge:**

This matter comes before the Court on the Court's *sua sponte* screening of *pro se* Plaintiff's amended complaint. (ECF No. 7.) As Plaintiff has previously been granted *in forma pauperis status* in this matter, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim that is frivolous, malicious, or fails to state a basis for relief. For the reasons set forth below, this Court will dismiss in part and proceed in part Plaintiff's amended complaint.

**I.      BACKGROUND**

Plaintiff is a state prisoner confined at South Woods State Prison. (ECF No. 7 at 2.) Between March and September of 2023, Plaintiff was employed as a prison kitchen worker. (*Id.* at 12.) As part of his employment, during this approximately six month period, Plaintiff was subjected to daily strip searches after leaving the kitchen and before returning to his housing unit. (*Id.*) These searches were rarely done using restrooms, and were instead normally conducted "between two barriers" in a neighboring religious area which was not in use during the time of the

searches. (*Id.*) According to Plaintiff, however, the religious area had several cameras which *may* have recorded his searches, and there is a large window "to the left of where the inmates are" searched through which he may possibly have been seen by passersby. (*Id.*) These searches were conducted by Defendants Cisrow and Costa, although Plaintiff alleges that the searches were part of a prison safety and security policy, which Plaintiff believes was most likely put into place by Defendant Smith, a prison sergeant. (*Id.* at 12-13.) In addition to these involved individuals, Plaintiff also names as Defendants the administrator of the prison, a prison major, and the DOC commissioner, all of whom Plaintiff connects to the strip search through his presumption that, as supervisors, they must have been responsible for ordering the searches. Plaintiff does not allege any direct involvement by these supervisors, nor does he allege that they ordered that any strip searches be conducted in the manner or location Plaintiff alleges. (*Id.*) Although the main thrust of Plaintiff's claims is that he found the strip searches personally embarrassing because of the risk that he could have been seen by others, he identifies only one incident in which a third person did see him during a strip search – an incident during the first few weeks of the strip search policy during which Defendant Smith briefly looked in on the search of Plaintiff before smirking and walking away. (*Id.* at 13.)

## II. LEGAL STANDARD

This Court is required to screen Plaintiff's amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) because Plaintiff has been granted *in forma pauperis* status in this matter. Pursuant to this statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint

2

pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* "Determining whether the allegations in a complaint are plausible is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in

3

their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

### III.    DISCUSSION

In his complaint, Plaintiff seeks to raise claims against various prison officials arising out of the daily strip searches he underwent for six months as a prison kitchen worker. As this Court previously explained to Plaintiff, a convicted prisoner may raise either an Eighth or Fourth Amendment claim challenging prison strip searches. Under the Eighth Amendment, a prison strip search policy will usually violate a prisoner's rights only where the search itself was either physically or sexually abusive. *See, e.g., Farmer v. Plumeri*, No. 22-957, 2023 WL 35869, at *2-3 (D.N.J. Jan. 4, 2023). Plaintiff's amended complaint contains no allegations that the searches in question were physically or sexually abusive – he alleges no misconduct on the part of the searching defendants other than their choice of location, and alleges no inappropriate contact with any defendant during the searches. Plaintiff's amended complaint thus fails to state a claim for relief under the Eighth Amendment.

Instead, the thrust of Plaintiff's claim appears to be that the searches in question were unreasonable insomuch as they were not sufficiently private. A Fourth Amendment challenge to strip search procedures requires that a plaintiff plead facts indicating that the searches in question were unreasonable under the circumstances. *Id.* Under the Fourth Amendment, however, a prison policy requiring routine strip searches, even in the absence of a reasonable suspicion of wrongdoing, will pass muster so long as it is reasonably related to the prison's interest in maintaining prison safety and security, including by preventing potential contraband or weapons from being transported through the prison. *Id.* at *3. Indeed, "routine, suspicionless inmate search policies may sweep quite broadly and still be reasonable" enough to pass muster under the Fourth

4

Amendment in light of the reduced privacy interests of convicted prisoners. *Id.* (quoting *Parkell v. Danberg*, 833 F.3d 313, 329 (3d Cir. 2016)). Here, Plaintiff alleges that the policy applied only to kitchen workers, and required only a single daily search upon leaving the kitchen and prior to returning to a housing unit, and seemingly admits that the policy in question was adopted to address safety and security concerns arising out of kitchen workers' access to dangerous items. The policy thus appears to be reasonable in scope, and the policy itself thus appears insufficient to support a plausible claim for relief. *Id.*

That said, Plaintiff does raise allegations that may suggest that the manner in which the searches were carried out were unreasonable – specifically that the two officers conducting the searches did so in a venue in which other inmates and uninvolved staff could view Plaintiff during the search, and in one case their commanding officer smirked at Plaintiff's nudity. Such allegations – that the officers chose not to use a secure area for the searches and permitted potential gawking at Plaintiff during searches despite using an empty room for the process – could present a plausible claim for relief against the two officers and sergeant in question. *See, e.g., McMillan v. Hughes*, No. 17-13435, 2018 WL 3945467, at *6-7 (D.N.J. Aug. 15, 2018). This Court will therefore permit Plaintiff's Fourth Amendment claims about the manner in which the searches were carried out to proceed at this time as to Defendants Cisrow, Costa, and Smith only.

Turning to the remaining supervisory Defendants, Plaintiff does not allege that they were personally involved in choosing the manner or location of the searches, only that they, as supervisors, may have been responsible for the daily kitchen worker search policy. As described above, that policy was reasonable and nothing Plaintiff has alleged indicates that the policy itself violated his rights. As Plaintiff has not otherwise alleged that any of the remaining Defendants were personally involved in choosing the manner or location of the strip searches, Plaintiff has failed to allege they were personally involved in the alleged violations, and Plaintiff's claims

against the remaining Defendants must be dismissed without prejudice at this time. *See, e.g., Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015) (supervisor may not be held liable on *respondeat superior* basis, claim against supervisor requires allegations showing his personal involvement or that his actions, policies, or practices were the moving force behind the alleged violation); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988).

## IV. CONCLUSION

For the reasons expressed above, Plaintiff's amended complaint shall be dismissed in part and proceed in part. An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge